IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01725-RBJ

AUTO-OWNERS INSURANCE CO.

    Plaintiff,

v.

BOLT FACTORY LOFTS OWNERS ASSOCIATION, INC., a Colorado nonprofit corporation, and SIERRA GLASS CO., INC.,

    Defendants.

---

ORDER DENYING PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Auto-Owners Insurance Co. (AOI) moves for partial summary judgment on "rip and tear damages." ECF No. 127. For the reasons discussed below, the motion is DENIED.

## I. BACKGROUND

This case arises from an underlying lawsuit in which Bolt Factory Lofts Owners Association (the Association), after encountering construction defects at the Bolt Factory Lofts, filed suit against six contractors, including the general contractor, Roladex Construction Co., Inc. Roladex, in turn, filed third party claims for negligence and breach of contract against subcontractor Sierra Glass (Sierra) alleging that Sierra had defectively installed doors and windows at the property, which led to water damage.

AOI, which insured Sierra for part of the period in which water damage occurred, defended Sierra against Roladex's lawsuit. Prior to trial, the Association settled its claims with all other defendants, and Roladex assigned its claims against Sierra to the Association. Sierra, upset that its counsel from AOI had refused several settlement offers, entered into a pre-trial

*Nunn* agreement with the Association in which Sierra agreed not to defend against the Association's claims stemming from construction defects at trial and to assign all claims it might have against its insurer, AOI, to the Association.

At the two-day trial, the Association presented evidence of water damage to interior finishes at the "heads, sills, and jambs of windows installing in brick, stucco and siding." ECF No. 102-14 at 8. Removing and repairing defective work potentially creates additional "rip and tear" costs.[1], one issue at trial was whether Sierra's defective installation required removing doors, windows, and other fixtures. Defendants (Sierra and the Association) contended that the windows and doors themselves were not defective, but that the sill pans and C channels (collectively, "flashings")[2] beneath the windows were defectively installed. ECF No. 131 at 6–7. They assert that the Association did not seek or receive damages to get to or repair the flashings at trial. *Id.* An expert for the Association, Mr. Fronapfel, testified that the only way to remedy Sierra's defective installation was "to remove the windows and doors." ECF No. 102-14 at 10. Mr. Fronapfel also testified that the windows would need to be removed to remedy "resulting damage to drywall, wood sheathing, studs and installation" because those things are under the windows. *Id.* at 11. Ultimately, Judge Egelhoff, the judge in the underlying case, found that Sierra was liable for a total of $2,365,286.50 in damages for defective installation of windows and doors. *Id.* at 26. This calculation did not specify what amount of these damages are allocable to rip and tear costs. *See id.*

---

[1] "Rip and tear" or "get to" costs are the costs to tear out or damage previously undamaged work in order to repair or replace damaged or defective work. *See, e.g.,* Ronald M. Sandgrund, *Greystone and Insurance Coverage for "Get to" and "Rip and Tear" Expenses,* vol. 41, The Colorado Lawyer at 3 (2012).

[2] These items are separate pieces from the windows and are installed beneath windows to push water out of the building that has drained to the bottom of the windows. ECF No. 131 at 9.

AOI's policy provides coverage for "damages because of. . .'property damage' to which this insurance applies." ECF No. 102-1 at 120.  It specifies that it only provides coverage for "property damage" that occurs within the policy period.  *Id.*  It defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property"  *Id.* at 136.  It defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 135.  The policy excludes coverage under the "your work" exclusion for "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" *Id.* at 124.

AOI sued for a declaratory judgment regarding their liability to the Association, who holds Sierra's right to sue AOI for breach of the insurance contract.  They filed this motion for summary judgment seeking a declaration that they are not liable for any portion of the judgment allocable to rip and tear costs to get to Sierra's own defective work.

## II.   STANDARD OF REVIEW

Summary judgment is warranted where there is "no genuine dispute of material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a).  There is a genuine dispute if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  There is a material fact at issue if the fact is essential to the proper disposition of the claim.  *Id.* (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  The movant has the burden of showing a lack of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In applying this standard, this Court must view the record and draw all reasonable inferences from the record in the light most favorable to the nonmoving party.  *Adler*, 144 F.3d at 670.

### III.  ANALYSIS

A. <u>**Rip and Tear Costs Generally.**</u>

In the instant partial motion for summary judgment on the issue of rip and tear damages, AOI argues, for several different reasons, that any rip and tear damages attributable to Sierra's own defective work are not covered by their policy.  Their primary argument concerns the application of the Colorado Court of Appeals' decision in *Colorado Pool System, Inc. v. Scottsdale Insurance Co.*, 317 P.3d 1262 (Colo. App. 2012).  There, the court found that an insured was entitled to recover rip and tear damages to nondefective third-party work to get to and repair the insured's own defective work.  *See id.* at 1271.

Briefly, this Court's view of the issues concerning rip and tear damages is as follows.  As indicated, the policies cover property damage that occurs during the policy period if caused by an accident.  No one contends that the defective construction of the windows or doors (apparently the flashing) was intended or expected.  Therefore, under Colo. Rev. Stat. § 13-20-118(3) the Court presumes that the work that resulted in property damage, whether to the work itself or to other work, was an accident.

The cost of repairing or replacing the defective construction itself is not covered.  Although the damage is presumed to have been caused by an accident, section 3(a) of the foregoing statute provides that section 3 does not require coverage for damage to the insured's own work unless otherwise provided in the policy.  The policy's "your work" exclusion excludes damage to Sierra Glass's own work.  I will assume, without necessarily deciding, that the insured's own work in this instance is the windows and doors installed by Sierra Glass, not just the flashings.

Property damage to property other than the windows and doors that was caused by leakage resulting from the defective windows and doors is covered by the policies.  AOI admits

this.  ECF No. 127 at 2.  Rip and tear costs necessary to get to and repair property other than the insured's own work that was damaged because of the insured's work is also covered.  Again, AOI admits this: "Of course, if during the policy period, property damage occurs to another trade's work, say a leaking window damages a wooden floor, there would normally be coverage for the repair of the damaged floor, *and any associated rip and tear damages to fix the damaged floor*."  *Id.* at 18 (emphasis added).

AOI disputes whether rip and tear damages incurred to get to and repair the insured's own work is covered.  Thus, according to AOI, "[t]he cost to fix the window should be on the window installer, however, as well as any rip and tear damages associated with replacing the leaking window."  *Id.*  That is where AOI runs into the *Colorado Pool* decision.  I am inclined to agree with AOI here and, therefore, to disagree with *Colorado Pool* to the extent that it supports the idea that rip and tear costs incurred solely to get to the insured's defective work is covered.  However, I conclude that it is not necessary for this Court to reach or decide that issue in this case.[3]

Here, the Association denies that it sought or received damages for rip and tear costs incurred to get to and repair or replace the defective doors and windows.  Rather, it contends that its judgment only includes rip and tear costs that necessarily will be incurred to get to and repair or replace third-party property that was damaged by the leakage through the defective windows and doors.  The Association apparently believes that the rip and tear needed to repair the

---

[3] AOI also attempts to distinguish *Colorado Pool* on the basis that there, the rip and tear costs were incurred during the policy period, whereas here the rip and tear costs have not yet been incurred, so the "property damage" cannot occur during the policy periods which have long since terminated.  In my view, that argument fundamentally misunderstands what the property damage is.  The property damage is the damage to the non-defective work that was caused by the leakage from the windows and doors.  That damage presumably did occur, in whole or in part, during the AOI policy periods.  The rip and tear costs are not the property damage.  They are costs incurred to get to and repair or replace the damaged property.

damaged third-party property might to some degree rip and tear the defective windows and doors. That is disputed.

On the one hand, based on the testimony of the Association's expert, Mr. Fronapfel, the state court found that the windows needed to be removed for two reasons: "(1) because the resulting damage to drywall, wood sheathing, studs and insulation is under the windows, and (2) to properly coordinate necessary flashing." ECF No. 102-14 at 11. Based on another expert, Mr. Seewald's, testimony the court found that it was not cost effective to attempt to reuse the windows that would have to be removed.

On the other hand, the court did not make similar findings as to doors installed by Sierra Glass. None of the Association's experts seem to have testified that the removal of doors was necessary to get to water damage to third-party work. And AOI states, "[d]efendants' suggestion that wholesale replacement of the doors and windows are needed to fix the drywall and floors is almost comical." ECF No. 141 at 8. Whether the judgment included rip and tear costs incurred solely to get to Sierra's own defective work is a question of fact for the jury—it is not properly disposed of on a motion for summary judgment.

This factual dispute is material because it has the potential to change the amount of damages significantly. For example, AOI asserts that as much as $1,677,881 would be uncovered if the award included rip and tear damages to get to Sierra's own defective work. *Id.*

In sum, the question whether this Court should or should not follow *Colorado Pool's* lead on coverage for rip and tear costs incurred solely to get to the insured's defective property is not one that this Court need answer. The issue for trial is what portion of the state court's judgment was for damage to third-party property caused by the leakage, including any rip and tear costs that reasonably will be incurred to get to and repair or replace that damaged property. That will

presumably involve examination of the evidence that was presented during the state court trial, examination of the judgment, and potentially, testimony of witnesses, lawyers and conceivably the trial judge from the state court case. For present purposes, the Court simply concludes that these factual issues are not amenable to summary disposition.

## ORDER

AOI's motion for partial summary judgment on rip and tear damages, ECF No. 127, is DENIED.

DATED this 20th day of September, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge