IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01725-RBJ

AUTO-OWNERS INSURANCE CO.

     Plaintiff,

v.

BOLT FACTORY LOFTS OWNERS ASSOCIATION, INC., a Colorado nonprofit corporation, and SIERRA GLASS CO., INC.,

     Defendants.

---

## ORDER GRANTING MOTION TO REALIGN THE PARTIES

---

This matter is before the Court on Defendants' motion to realign the parties (ECF No. 143). Defendants' motion is granted.

# I.    BACKGROUND

This is an insurance dispute arising out of an underlying state court case. In that case, the Bolt Factory Lofts Owners Association (the Association) filed suit for construction defects at the Bolt Factory Lofts. ECF No. 102. The Association sued six contractors. The general contractor (Roladex) asserted third-party claims for negligence and breach of contract against Sierra Glass (Sierra). *Id.* The damage allegedly caused by Sierra included leaking and water damage surrounding the windows and doors Sierra installed. *Id.* Plaintiff Auto-Owners Insurance Co. (AOI) insured Sierra for several of the years in which these damages occurred. *Id.*

In advance of trial, the Association made demands for $1,723,970, $1,506,478, and $950,000 on Sierra. *Id.* None was accepted. *Id.* Sierra (through its insurers) made offers of $50,000 and ultimately $350,000. *Id.* The Association rejected both offers. Immediately before

trial, Sierra entered a protective settlement agreement with the Association, under which it assigned to the Association the proceeds of any claims for bad faith brought by Sierra against AOI. ECF No. 117. In the agreement, the Association agreed not to execute its judgment in the underlying case against Sierra and to only execute the judgment against AOI. *Id.*

Ultimately, after the two-day bench trial, the trial court awarded $2.4 million in damages to the Association, against Sierra. *Id.* The Association moved forward with garnishment proceedings against AOI. *Id.* AOI filed this suit for declaratory judgment on July 6, 2018. ECF No. 1. Now, with trial on AOI's declaratory judgment and defendants' counterclaims upcoming, defendants seek to realign the parties so that they can proceed first and last at trial. ECF No. 143.

## II.   STANDARD OF REVIEW

The Court has wide discretion to determine how to conduct the trials before it. *See Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1464 (10th Cir.1994)("Generally, matters relating to the conduct of the trial, such as the time allotted for opening statement and closing argument, are reserved to the broad discretion of the trial judge."). The Court should exercise that discretion to ensure the presentation of evidence is "effective for determining the truth" and avoids wasting time. Fed. R. Evid. 611 (2021). The Court can exercise this discretion to realign the parties or allow the named defendant to proceed first and last at trial where the named defendant has the burden of proof on the primary contested issues. *See James River Ins. Co. v. Rapid Funding, LLC*, 2008 WL 5378143, 3–4 (D. Colo); *Price v. Washington*, 2012 WL 2865484 at *1 (N.D. Tex. 2012).

In an insurance case before a federal court on diversity jurisdiction, state law determines which party bears the burden of proof. See *Utah Farm Bureau Ins. Co. v. Dairyland Ins. Co.*,

634 F.2d 1326, 1327–28 (10th Cir. 1980).  An insured seeking to show that insurance applies to a loss bears the burden of proof under Colorado law.  *See Sylvester v. Liberty Life Ins. Co.*, 42 P.3d 38, 39 (Colo. Ct. App.2001) (holding that insured had burden of proving coverage under the policy).  To prove a claim for third-party bad faith breach of an insurance contract against an insurer, the insured has the burden to show "that a reasonable insurer under the circumstances would have paid or otherwise settled the third-party claim."  *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 415 (Colo. 2004) (citing *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)).

## III.    ANALYSIS

AOI argues that it should be allowed to proceed first as plaintiff because, if Sierra had wanted the advantage of proceeding first and last at trial, it should not have engaged in the "machinations" (entering a *Nunn* agreement) during the underlying case, and that it is only as a result of those actions, that defendants here are defendants.  AOI essentially says that Sierra and the Association have made their bed and now must lie in it.  However, defendants counter that they actually filed the state court garnishment and had AOI not filed this declaratory judgment in federal court, all of this litigation would have occurred under the umbrella of that state court action.  This back-and-forth is largely irrelevant: it is within my discretion to determine who should proceed first and last at trial based on which party bears the burden on the primary contested issues.

To determine whether the parties should be realigned, the main question before the Court is whether defendants bear the burden of proof on the primary contested issues for trial.  I find that the issues where the defendants' bear the burden of proof will predominate at trial, and that

realigning the parties so that defendants proceed first and last will make the issues more intelligible to the jury and promote judicial efficiency.

      1.      <u>Coverage for Sierra's Claims in the Underlying Case</u>

There are several issues that will need to be decided at trial. In the underlying case, AOI proceeded under a reservation of rights. The first issues at trial will be whether coverage exists for the claims made by Sierra and the extent of that coverage. Under Colorado law, the burden of proof for the existence of insurance coverage falls on the insured. As a result, though AOI brought the declaratory judgment, Sierra and the Association will bear the burden on this issue.

AOI contends that whether there was coverage for the claims against Sierra is not a primary issue in this case. It argues that the primary issue will be whether Sierra breached and forfeited coverage as a result. *See* ECF No. 146. AOI writes, "AOI is not arguing, and has never argued, that coverage was not potentially available to Sierra Glass in the first instance, as evidenced by AOI's decision to defend Sierra Glass in the Underlying Lawsuit." ECF No. 146 at 10. But despite AOI's claim that coverage is not an issue, it has never represented that coverage actually exists. The two times AOI refers to its coverage of the claims against Sierra in the underlying suit in its response to the instant motion, it refers to it as "potential coverage" and coverage that was "potentially available." *Id.* at 3, 10. In short, AOI has never been willing to let go of the reservation of rights concept in this case, and its hedging its bets has become a factor in the Court's resolution of the pending dispute.

      2.      <u>Whether AOI Breached by Appearing to Act Unreasonably in its Representation of Sierra</u>

Defendants bear the burden of proving that AOI breached the insurance agreement before Sierra entered the *Nunn* agreement, thereby justifying Sierra's entering a *Nunn* agreement. If

AOI did not breach first, Sierra's failure to cooperate in its defense at trial would be a material breach.

AOI contends that the issues that will predominate at trial are whether Sierra breached the contract by failing to cooperate in its defense, and whether Sierra acted in bad faith by entering the *Nunn* agreement.  ECF No. 146 at 10.  Those are potential issues, no doubt, but the jury will face them only if it concludes that there was coverage, and that AOI breached its contractual duty in the first place.  At that point AOI will bear the burden of proving its defenses.  I note, however, that the decision on whether AOI breached will likely decide the issue of whether Sierra breached.  If AOI breached, Sierra was warranted in entering the *Nunn* agreement and did not breach the insurance contract.  If AOI did not breach, then Sierra breached by entering the *Nunn* agreement and refusing to cooperate in its own defense at trial.  And if AOI were to proceed first, many of its arguments on Sierra's breach would be related to its own reasonable behavior—essentially arguing that AOI did not breach, and as a result, Sierra's actions constitute a breach.

3.       Conclusion

Which party goes first and last in this case probably won't matter much when all the dust settles.  But for the foregoing reasons, it makes more sense to the Court that the insured proceed first, as in the typical coverage case.  Both sides will have a full opportunity to advocate their respective positions.

**ORDER**

1.       Defendants' motion for realignment of the parties, ECF No. 143, is GRANTED.

DATED this 26th day of October, 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge